MCGREGOR W. SCOTT
United States Attorney
MATTHEW M. YELOVICH
MIRIAM R. HINMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-00232 GEB |
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | |
| ERAN BUHBUT,<br>BAR SHANI,<br>ATIR DADON,<br>ADAM ATARI, and<br>RAZ RAZLA, | |
| Defendants. | |

WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this matter, or to defendants ERAN BUHBUT, BAR SHANI, ATIR DADON, ADAM ATARI, and RAZ RAZLA in this case as provided below;

WHEREAS, the sensitive but unclassified discovery materials at issue number tens of thousands of pages and include personal identifying information and financial information for a large number of individuals, including witnesses and third parties who conducted transactions with entities involved in the case;

WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a private agreement is not appropriate in light of the nature of the information at issue and the charges in

this case; and

WHEREAS, the defendants, ERAN BUHBUT, BAR SHANI, ATIR DADON, ADAM ATARI, and RAZ RAZLA, have counsel ("Defense Counsel") who wish the opportunity to review the discovery;

Defendants ERAN BUHBUT, BAR SHANI, ATIR DADON, ADAM ATARI, and RAZ RAZLA and plaintiff United States of America, by and through their undersigned counsel of record, hereby agree and stipulate as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. This Order pertains to all discovery provided to or made available to Defense Counsel that is identified as sensitive and subject to a protective order in this case (hereafter, collectively known as "protected discovery").

3. Defense Counsel shall not disclose any of the protected discovery to any person other than their respective client, or attorneys, law clerks, paralegals, secretaries, experts, and investigators, involved in the representation of their respective client. However, at no time shall defendant be permitted to review the protected discovery outside of the presence of Defense Counsel or Defense Counsel's partners, associates, or employees as designated by Defense Counsel, and Defense Counsel or his/her designee shall not leave any of the protected discovery with defendant at any location.

4. The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose. Defense Counsel will return the discovery to the United States Government or certify that it has been shredded at the conclusion of the case, to include any appeal, and/or collateral attack.

5. Defense Counsel will store the discovery in a secure place, such as Defense Counsel's locked office, and will use reasonable care to ensure that it is not disclosed to third persons or their respective client in violation of this agreement. To the extent the protected discovery or any copies are stored electronically, they must be stored on a password-protected and encrypted storage medium. Encryption keys must be stored securely and not written on the storage media that they unlock. Defense Counsel must ensure that folders or media containing copies of protected discovery are marked "Protected Materials – Subject to Protective Order."

STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] PROTECTIVE ORDER    2

6. If Defense Counsel releases custody of any of the discovery, or authorized copies thereof, to any person described in paragraph (3), Defense Counsel must provide such recipients with copies of this Order and must obtain written acknowledgment that they are bound by the terms and conditions of this Order. The written acknowledgment need not be disclosed or produced to the United States unless ordered by the Court.

7. Defense Counsel shall advise the government with reasonable notice of any subpoenas, document requests, or claims for access to the protected discovery by third parties if Defense Counsel is considering disseminating any of the protected discovery to a third party, in order that the government may take action to resist or comply with such demands as it may deem appropriate.

8. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any protected discovery may be transferred from the undersigned defense counsel to the new defense counsel. All defense counsel, whether current or past counsel, are at all times subject to the Protective order and are not relieved by termination of representation or conclusion of the prosecution.

IT IS SO STIPULATED.

Dated: October 23, 2018  Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

By: /s/ Miriam R. Hinman
MIRIAM R. HINMAN
MATTHEW M. YELOVICH
Assistant U.S. Attorneys

By: /s/ Randy Sue Pollock
RANDY SUE POLLOCK
Counsel for ERAN BUHBUT

By: /s/ David Dratman
DAVID DRATMAN
Counsel for BAR SHANI

By: /s/ Victor Sherman
PETER KMETO
VICTOR SHERMAN
Counsel for ATIR DADON

By: /s/ Brett Greenfield
BRETT GREENFIELD
DAVID KENNER
Counsel for ADAM ATARI

By: /s/ George Mgdesyan
GEORGE MGDESYAN
Counsel for RAZ RAZLA

IT IS SO FOUND AND ORDERED this 24th day of October, 2018.

_____
THE HONORABLE EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE